UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TERRANCE ROBERTS, )
 )
    Movant, )
 )
vs. ) Case No. 4:03CV786 JCH
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Movant Terrance Roberts' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed June 6, 2003. (Doc. No. 1). In its response, the Government maintains Movant's § 2255 Motion must be denied as untimely. (Government's Response to Petitioner Terrance Roberts' Motion pursuant to Title 28 U.S.C. § 2255, P. 3).

Upon review of the record, the Court notes that Movant's petition for writ of certiorari was denied on May 20, 2002. Roberts v. United States, 535 U.S. 1087 (2002).[1] Under Eighth Circuit law, Movant's conviction became final when the Supreme Court denied certiorari, and he had one year from that date to file his § 2255 Motion. See United States v. McIntosh, 332 F.3d 550 (8th Cir. 2003), citing 28 U.S.C. § 2255(1)-(4) (absent impediment created by governmental action, newly recognized right, or newly discovered facts, one-year period of limitation runs from date on which judgment of conviction becomes final); Sweet v. Delo, 125 F.3d 1144, 1155 (8th Cir. 1997) (Supreme Court's denial of certiorari fixes point of finality of conviction), cert. denied, 523 U.S. 1010, 118

---

[1] In his § 2255 Motion, filed through counsel, Movant mistakenly asserts his petition for writ of certiorari was denied on June 6, 2002. (Doc. No. 1, § 11). This date, however, represents only the date on which the May 20, 2002, denial of certiorari was docketed with this Court.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

S.Ct. 1197, 140 L.Ed.2d 326 (1998); United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir.) (conviction became final, thus triggering one-year limitations period for § 2255 motion, on date Supreme Court denied certiorari petition following direct appeal, and not on date denial of certiorari was filed and docketed with court of appeals), cert. denied, 531 U.S. 878, 121 S.Ct. 188, 148 L.Ed.2d 130 (2000).

Upon consideration of the foregoing, the Court finds that Movant's period of limitations for filing his § 2255 Motion expired on May 20, 2003. As stated above, Movant did not file his § 2255 Motion until June 6, 2003. Movant's § 2255 motion will therefore be dismissed as untimely.[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 13th day of June, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] Equitable tolling based on Movant's apparent mistake about the deadline is not warranted. See United States v. McIntosh, 332 F.3d at 551 (citations omitted).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com